**Ravindra KUMAR, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–74463.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided July 11, 2006.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Pardeep Singh Grewal, Camiel Becker, Esq., Law Offices of Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., William C. Peachey, Sarah Maloney, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BERZON, RAWLINSON, and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

1. Because the Immigration Judge's (IJ) adverse credibility finding regarding the extent of Petitioner's volunteer work at the YMCA is supported by substantial evidence, Petitioner's challenge to denial of asylum and withholding of removal fails. This information goes to the heart of Kumar's claim because his assertion of persecution revolved around his work for the YMCA. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (explaining that as long as one of the IJ's identified grounds underlying an adverse credibility finding is supported by substantial evidence and goes to the heart of the petitioner's claims of persecution, we are bound to accept the adverse credibility finding); *see also Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (recognizing that an inconsistency in the details of the events upon which asylum is based goes to the heart of the claim).

2. Alternatively, even if Kumar is deemed credible, substantial evidence supports the IJ's conclusion that Kumar failed to establish eligibility for asylum. The harm that Kumar suffered before coming to the United States does not rise to the level of persecution. *See Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (citation omitted); *see also Xiaoguang Gu v. Gonzales,* 429 F.3d 1209, 1214 (9th Cir.2005) (referencing "repeated lengthy and severe harassment" in describing a case where a finding of persecution was compelled).

3. Because Kumar cannot establish eligibility for asylum, his claim for withholding of removal necessarily fails. *See De Leon–Barrios,* 116 F.3d 391, 394 (9th Cir.1997).

■ 4. Substantial evidence also supports the IJ's denial of Kumar's Convention Against Torture claim because he failed to show it was more likely than not that he would be tortured if removed to India. *See Zhang v. Ashcroft,* 388 F.3d 713, 721–22 (9th Cir.2004) (describing torture as an "extreme form of cruel and inhuman treatment") (citation omitted).

**PETITION DENIED.**

BERZON, Circuit Judge, dissenting.

I dissent.

The IJ's adverse credibility determination is not, in my view, supported by substantial evidence. Kumar's statements during his asylum interview did not contradict his later testimony. As Kumar explained, he was never asked during his asylum interview how many total hours a month he worked at the YMCA. His responses during that interview, therefore, do not contradict his testimony at the hearing, in which Kumar said that he ran a monthly camp for the YMCA and also worked there every weekend, distributing medicine to villages.

Crediting Kumar's testimony, the question then becomes whether the IJ properly determined that there was no past persecution and no well-founded fear of future persecution. First, it is not clear that the IJ ever reached a determination regarding past persecution. Second, if he did, his determination was clearly improper. Kumar was detained for nearly a week by the police, during which time he was frequently beaten. An earlier round of detention by members of the Shiv Sena, a radical Hindu group, left him with physical injuries severe enough to warrant hospitalization. Under our case law, treatment of this kind amounts to persecution. *See Ndom v. Ashcroft,* 384 F.3d 743, 752 (9th Cir.2004) (stating that "[a]lthough brief detentions, without more, can be insufficient to establish persecution," longer periods of detention, coupled with other types of harmful treatment, qualify as persecution); *Chand v. INS,* 222 F.3d 1066, 1075 (9th Cir.2000) (noting the Ninth Circuit's "consistent practice of finding persecution where the petitioner was physically harmed").

Because Kumar established past persecution, he is entitled to a presumption of a well-founded fear of future persecution. *See Ndom,* 384 F.3d at 756; 8 C.F.R. § 208.16(b)(1)(i). The IJ's determination on the question of well-founded fear, pertinent both to the grant of asylum and eligibility for withholding of removal, therefore cannot stand.

I would either remand for a finding regarding past persecution or reverse the determination regarding past persecution and remand for findings concerning well-founded fear of future persecution, taking into account the applicable presumption. *See INS v. Orlando Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that a court of appeals is generally not empowered to conduct a de novo inquiry into a matter entrusted by law to the agency). Because the majority does neither, I respectfully dissent.